

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD MOSLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 05 CV 7290 |
| v. ) | |
| ) | Hon. Mark Filip |
| MCDONALD'S CORP., CIRILO'S INC., ) | |
| CIRILO MCSWEEN, WALLY ) | |
| OLADEINDE, and HUGO RAMOS, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff, Edward Mosley ("Mr. Mosley" or "Plaintiff"), brings this action *pro se* against McDonald's Corporation ("McDonald's"), Cirilo's, Inc ("Cirilo's"), Cirilo McSween, Wally Oladeinde, and Hugo Ramos (collectively the "Individual Defendants"). In his complaint, Mr. Mosley pleads violations of Title VII of the Civil Rights Act of 1964 (Counts I and V), 42 U.S.C. § 1981 (Counts II and IV), 42 U.S.C. § 1983 (Counts II and III), and he also pleads a count of intentional infliction of emotional distress under Illinois tort law (Count VI).[1] McDonald's, Cirilo's, and the Individual Defendants move to dismiss most of Plaintiff's counts. For the following reasons, the motions to dismiss are granted in part and denied in part.

---

[1] The various docket entries are cited as "D.E. __."

## BACKGROUND FACTS[2]

Mr. Mosley works as a maintenance worker at a McDonald's restaurant at 230 South State Street in Chicago. (D.E. 10 ¶ 35.) He was fifty years old at the time this complaint was filed. (*Id.* ¶ 18.A.) The McDonald's franchisee is Cirilo's, Inc., of which Cirilo McSween is the principal owner and president. (*Id.* ¶ 10.) On July 24, 2004, Mr. Mosley's manager, Hugo Ramos, notified Plaintiff that his hours would be reduced as of July 27, 2004. (*Id.* ¶ 18(a).) Mr. Ramos explained that because of Plaintiff's work-related injuries, another person was needed to perform the work. *Id.* Mr. Mosley further claims that Wally Oladeinde took part in this action,[3] and that Oladeinde and Ramos were acting in concert with McDonald's Corporation and Cirilo's, Inc. (*Id.* ¶ 39.)

Mr. Mosley asserts that his "handicapping conditions do not prohibit me from performing the essential duties of my job, with reasonable accommodations." (*Id.* ¶ 18.c.) He names three similarly situated, non-handicapped maintenance persons with less seniority that have not experienced any such reduction in hours. (*Id.* ¶ 18.b, 63.) Mr. Mosley's July 2004 performance evaluation was superior, and he states that he has at all times performed all duties assigned to him "competently and enjoyed an excellent reputation with regard to the high quality of his work." (*Id.* ¶¶ 34-35.)

Before bringing this action, Mr. Mosley filed a charge against McDonald's with the

---

[2] The background facts are taken from Plaintiff's Amended Complaint (D.E. 10) and are assumed to be true for purposes of this motion. *See, e.g., Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). The Court takes no position as to whether any of the allegations are actually well founded.

[3] Plaintiff refers to a "Mr. Wally" in his complaint, which the Court assumes is Mr. Wally Oladeinde.

Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC) on September 30, 2004. (*Id.* ¶¶ 18.D, 91, 92.) At some point in time, after realizing that he had failed to include Cirilo's and the Individual Defendants in the EEOC charge, Mr. Mosley allegedly called John P. Rowe, the District Director of the EEOC in Chicago. (*Id.* ¶ 19.) Mr. Rowe referred Plaintiff to a "Mr. Daley," who told Plaintiff that in order to amend his EEOC charge, he must put his request to amend in writing. (*Id.* ¶¶ 19-20.) On January 5, 2006—or some seventeen months after the allegedly discriminatory events at issue, some fifteen months after filing the initial EEOC charge, some indeterminate time after Mr. Mosley allegedly received his EEOC right-to-sue letter (*id.* ¶ 22(c), (d)), and after Mr. Mosley had filed this lawsuit in federal court—Mr. Mosley wrote a letter to Mr. Daley at the EEOC stating that Cirilo's and the Individual Defendants should be added to the EEOC charge. (*Id.* Ex. A ¶ B.) In his letter Plaintiff also specifically states that, "I failed to allege in the EEOC complaint: 'retaliation,' 'retaliatory action,' [']race discrimination under Title VII,' 'race discrimination under Title 42 Section 1981 and 1983,' and 'race C. discrimination under Equal Protection.'" (*Id.*)[4] (*Id.* Ex. A ¶ C.) Mr. Mosley alleges that the EEOC "failed and refused" to add the names he requested. (*Id.* ¶ 20.)

---

[4] Although Plaintiff asserts in paragraphs 91 and 92 of his Amended Complaint that his September 30, 2004 EEOC charges were for race discrimination, his subsequent letter to the EEOC seems to expressly contradict his representations. *See* (D.E. 10 Ex. A ¶ C.) ("I failed to allege in the EEOC complaint: ... 'race discrimination under Title VII,' 'race discrimination under Title 42 Section 1981 and 1983,' and 'race C. discrimination under Equal Protection.'"). The Court reads this ambiguity in Plaintiff's favor and will not dismiss the case on such basis as Defendants variously request. However, the Court acknowledges that Plaintiff has not included a copy of the EEOC charge that he actually filed with the EEOC prior to filing this suit. (It appears that Mr. Mosley may have produced a partial copy of the initial EEOC charge, although the record is not crystal clear in this regard.) The parties will be free, of course, to make whatever arguments are appropriate concerning this subject after discovery, on this issue and any other relevant issues, has been undertaken.

## LEGAL STANDARD

"A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of a complaint for failure to state a claim upon which relief may be granted." *Johnson v. Rivera*, 272 F.3d 519, 520-21 (7th Cir. 2001). In ruling on a motion to dismiss, the court must assume all facts alleged in the complaint to be true and view the allegations in the light most favorable to plaintiffs. *See, e.g., Singer v. Pierce & Assocs., P.C.*, 383 F.3d 596, 597 (7th Cir. 2004). Dismissal for failure to state a claim is appropriate where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

*Pro se* complaints are generously construed and not held to the stringent standards of pleadings drafted by lawyers. *See, e.g., McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). However, a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999) (citation omitted).

## DISCUSSION

Defendants have variously moved to dismiss the lion's share of the counts in the operative complaint. As explained below, those motions are variously denied in part and granted in part.

I. Cirilo's and McDonald's Motions to Dismiss Counts II, III, and VI Are Granted

    A. The Section 1983 Claims Are Defective Because Defendants Are Not State Actors

Section 1983 imposes liability on state actors, and private individuals acting in collaboration with state officials, for using a "badge of authority" to deprive individuals of

constitutional rights. *See, e.g., Fries v. Helsper*, 146 F.3d 452, 457 (7th Cir. 1998) (citing *Wyatt v. Cole*, 504 U.S. 158, 161 (1992)). A plaintiff must demonstrate that the defendants deprived him of a right secured by the Constitution or any law of the United States, and that the deprivation of the right resulted from the defendants acting under color of law. *See, e.g., Fries*, 146 F.3d at 457 (collecting cases). Courts recognize two circumstances in which defendants act under color of law: (1) "when the state has cloaked the defendants in some degree of authority–normally through employment or some other agency relationship," or (2) "when the defendants have conspired or acted in concert with state officials to deprive a person of his civil rights." *Case v. Milewski*, 327 F.3d 564, 567 (7th Cir. 2003).

Mr. Mosley has failed even to outline, adumbrate, or suggest that any of the Defendants (including McDonald's corporation, an obviously private corporation and not a government entity) are state actors or that they collaborated with state officials, so his Section 1983 claims are dismissed. *Accord, e.g., Flagg Bros, Inc. v. Brooks*, 436 U.S. 149, 157 (1978) (affirming Rule 12(b)(6) dismissal of Section 1983 claim against private company where plaintiff had not alleged any "overt official involvement"); *Bilal v. Chase Manhattan Mortgage Corp.*, No. 05 C 7120, 2006 WL 1650008, at *2 (N.D. Ill. June 13, 2006) (dismissing Section 1983 claim against private companies and private individual because plaintiff did not allege that defendants were cloaked with state authority or acted in concert with any state officials); *Cabrera v. World's Finest Chocolate, Inc.*, No. 04 C 413, 2004 WL 1535850, at *5 (N.D. Ill. July 7, 2004) (collecting cases and dismissing claims against private corporation/employer under Section 1983 and the U.S. Constitution pursuant to Rule 12(b)(6)). There appears to be no good faith manner in which Plaintiff could allege that McDonald's Corporation or Cirilo's Inc. were state actors—*see, e.g.*,

D.E. 10 ¶ 8 (Plaintiff averring that "Defendant, Mc Donald's Corporation, is a Delaware Corporation . . . doing business in the State of Illinois")—however, in an abundance of caution, the claims are dismissed without prejudice in the event Plaintiff wishes to attempt to replead these counts if that can be done consistently with Fed. R. Civ. P. 11.

B. The State Law Claim for Intentional Infliction of Emotional Distress Is Dismissed

Mr. Mosley also brings a claim against all Defendants for intentional infliction of emotional distress (IIED) under Illinois law. Defendants move to dismiss these claims on the various grounds, including that they are preempted by the Illinois Workers' Compensation Act (IWCA), 820 ILCS 305/1 *et seq.*, and the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq.* Cirilo's also contends that Plaintiff has failed to state a claim for IIED. Because the claim is, under settled precedent, preempted under the IHRA, the Court dismisses the claim.[5] The Court also finds, independently, that Mr. Mosley has failed to outline or adumbrate any IIED claim. As before, the claim is dismissed without prejudice.

1. The IIED Claim Here Is Preempted Under the IHRA

Plaintiff's IIED claim as pleaded is preempted under the IHRA under settled precedent. The IHRA provides that "[e]xcept as otherwise provided by law, no court of this state shall have jurisdiction over the subject of an alleged civil rights violation other than as set forth in this Act." 775 ILCS 5/8-111(C). The Illinois Supreme Court has made clear that common law tort claims (such as the IIED claim here) are preempted by the IHRA when they are "inextricably linked to a civil rights violation such that there is no independent basis for the action apart from the Act

---

[5] Because the IIED claim is preempted under the IHRA, the Court does not assess whether the claim is independently preempted under the IWCA.

itself." *Maksimovic v. Tsogalis*, 687 N.E.2d 21, 23 (Ill. 1997); *see also Geise v. Phoenix Co. of Chicago, Inc.* 639 N.E.2d 1273, 1277 (Ill. 1994). The relevant question is whether Plaintiff can establish the necessary elements of the tort independent of any legal duties created by the Act. *See, e.g., Maksimovic*, 687 N.E.2d at 24.

The allegations that make up Mr. Mosley's IIED claim are purported attacks on his work competence based on his race, disability, and age, and the related reduction in his work hours. (D.E. 10 ¶¶ 129-136.) There is no independent basis for his IIED claim apart from these allegedly discriminatory actions. The Seventh Circuit has taught that state law theories that "sound primarily in . . . discrimination" are preempted by the IHRA. *Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1151 (7th Cir. 1999); *accord, e.g., Sanglap v. LaSalle Bank, FSB*, 345 F.3d 515, 519 (7th Cir. 2003) (finding preempted an IIED claim where "eliminating the civil rights component [concerning alleged disability discrimination] takes the air out of the case"); *Quantock v. Shared Marketing Servs.*, 312 F.3d 899, 905 (7th Cir. 2002) (IIED claims preempted under the IHRA where they "depend on" allegations of discrimination). In his IIED count, Plaintiff incorporates all his allegations of discrimination, (D.E. 10 ¶ 129), and makes it evident that his IIED claim sounds in discrimination. If one excises the discrimination allegations from the claim, as would be needed to avoid IHRA preemption, one is in a scenario that the Seventh Circuit described in *Sanglap* where the air comes out of the claim, if anything is left at all. *See id.*, 345 F.3d at 519. Therefore the IHRA preempts Plaintiff's IIED claim since it is inextricably linked to (indeed, it fundamentally rests upon) the discrimination allegations. *Accord, e.g., id.* (holding that the Illinois Human Rights Commission "is the proper forum for claims of intentional infliction of emotional distress where the distressing incidents reflect . . .

discrimination in the workplace.") (citing *Krocka v. City of Chicago*, 203 F.3d 507, 516-17 (7th Cir. 2000)); *Schwartz v. Hope Depot, U.S.A., Inc.*, No. 00 C 5282, 2000 WL 1780245, at *4 (holding that IHRA preemption applied because plaintiff's "claim of intentional infliction of emotion distress . . . is not independent from his claim of age discrimination"); *EEOC v. Foster Wheeler Constructors, Inc.*, No. 98 C 1601, 1998 WL 850810, at *3 (N.D. Ill. Dec. 2, 1998) (holding claim of IIED based on racial discrimination was preempted by the IHRA, and stating that "courts in this district have routinely dismissed Illinois state tort claims—particularly intentional infliction of emotional distress claims—for lack of jurisdiction when brought in connection with allegations of a civil rights violation") (collecting cases; internal quotation marks omitted).

    2.    Plaintiff Has Also Independently Failed to Outline An IIED Claim

In addition, and independently, even if Plaintiff's claims were not barred by the IHRA, he has failed to state a claim for intentional infliction of emotional distress. To state a claim for IIED under Illinois law, Plaintiff must establish that: (1) the defendants' conduct was extreme and outrageous; (2) the defendants either intended this conduct to inflict severe emotional distress, or knew that there was a high probability that this conduct would cause severe emotional distress; and (3) the defendants conduct in fact caused severe emotional distress. *See, e.g., Doe v. Calumet City*, 641 N.E.2d 498, 506 (1994). Whether conduct is extreme and outrageous is judged by an objective standard. *Van Stan v. Fancy Colours & Co.*, 125 F.3d 563, 567 (7th Cir. 1997). "Conduct is extreme and outrageous only if the conduct has been so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency." *Id.* (collecting cases; internal quotation marks omitted). Furthermore, the stress inflicted must be

"so severe that no reasonable man could be expected to endure it." *Harriston v. Chicago Tribune Co.*, 992 F.2d 697, 703 (7th Cir. 1993) (internal quotation marks and citation omitted).

The allegations Mr. Mosley makes as a basis for his claim are references to attacks on his workplace competence and a reduction in his hours. These allegations, even construed generously in Plaintiff's favor, fall well below the IIED standard required by Illinois courts. *Accord, e.g., Van Stan*, 125 F.3d at 568 ("Recognizing this high threshold, this Court and other federal courts applying Illinois law have denied recovery to plaintiffs who alleged that their employers subjected them to a continuous series of intentionally discriminatory acts."); *Harriston*, 992 F.2d at 703 (affirming dismissal of IIED claim where plaintiff averred that she was subject to racially discriminatory misconduct that included being falsely accused of poor performance, being promised a promotion that was never granted, having her telephone calls unlawfully monitored by an eavesdropping device, having her car vandalized and damaged on several occasions within the employer's private parking lot, and having employer's managers ignore her concerns about her personal safety and property); *Mindell v. Kronfeld*, No. 03 C 4063, 2004 WL 1322931, at *8 (N.D. Ill. June 9, 2004) (dismissing IIED claim under Rule 12(b)(6) because once the sexual harassment allegations were excised, there was no viable IIED claim). Furthermore, the reduction in Mosley's work hours, which is less severe than a discharge (Mr. Mosley alleges no discharge), cannot be a basis for IIED either. *See Schwartz*, 2000 WL 1780245, at *4 (stating that the IHRA, "preempts common law tort claims that are 'inextricably linked' to civil rights claims, including discrimination in employment.") (citing *Geise*, 639 N.E.2d at 1277); *McKay v. Town and Country Cadillac, Inc.*, 991 F. Supp. 966, 972 (N.D. Ill. 1997) ("In the workplace setting, courts have found that terminating an employee in violation of

an anti-discrimination statute, or harshly criticizing or insulting an employee, is not enough to constitute extreme and outrageous conduct.") (collecting state and federal appellate precedent).

As a result, the IIED claim is not viable, at least as framed. In an abundance of caution, the Court will again dismiss the claim without prejudice, although it appears unlikely that the claim could avoid IHRA preemption or survive under the demanding standards of applicable precedent, given the facts of the case.

II. McDonald's Motions

    A. The Court Must Accept Plaintiff's Allegation That McDonald's Is His Employer, At Least At The Rule 12(b)(6) Stage

McDonald's can only be named as a defendant if it can be considered an "employer" of Mr. Mosley under 42 U.S.C. § 2000e(b).[6] *See Worth v. Tyer*, 276 F.3d 249, 259 (7th Cir. 2001); *Knight v. United Farm Bureau Mut. Ins. Co.*, 950 F.2d 377, 380 (7th Cir. 1991) (stating that the plaintiff needed to "prove the existence of an employment relationship in order to maintain a Title VII action against Farm Bureau").

Mr. Mosley has alleged that his "employment was jointly with 'McDonalds Corporation and Cirilo's, Inc.'" (D.E. 10 ¶ 43.) He also states that his manager, Mr. Ramos, acted "in concert with, and with the approval of McDonald's Corporation." (*Id.* ¶40.) McDonald's contends that Plaintiff failed to make the requisite factual allegations to establish that McDonald's was his employer. (D.E. 26 at 4.) But Plaintiff is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "the federal

---

[6] The same analysis would apply to the corresponding provisions of the ADA, 42 U.S.C. § 12111(5)(A), and the ADEA, 29 U.S.C. § 630(b). *See Williams v. Banning*, 72 F.3d 552, 553-54 (7th Cir. 1995).

courts are not to interpolate a requirement of fact pleading into the federal rules." *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) (collecting cases). Plaintiff has made no allegations that fatally undermine his contentions, or otherwise lead to the conclusion that Plaintiff has pleaded himself out of court on this point. Therefore the Court will assume this contention is true for the purposes of this motion. *Accord Singer*, 383 F.3d at 597.

McDonald's also cites various other cases, where Title VII claims were dismissed for the plaintiff's failure to establish an employee-employer relationship with a particular corporate defendant. However, these cases involved dismissals at the summary judgment stage or after an evidentiary record had otherwise been assembled. For present purposes, the Court credits Mr. Mosley's allegations, as precedent directs. If discovery reveals that he was not in an employee-employer relationship with McDonald's, then McDonald's will be able to properly move for summary judgment on such basis.

B.   Count V, For Putative Gender Discrimination, Is Dismissed

McDonald's also moves to dismiss Mr. Mosley's claim of gender discrimination, which he includes in Count V of his complaint along with race discrimination. (D.E. 10 ¶¶ 123-26.) Title VII plaintiffs can only bring claims that were included in the EEOC charge, or that are "like or reasonably related to the EEOC charge and can be reasonably expected to grow out of an EEOC investigation of the charges." *Sitar v. Indiana Dept. of Transportation*, 344 F.3d 720, 726 (7th Cir. 2003) (citation omitted); *Haugerud v. Amery Sch. Dist.*, 259 F.3d 678, 689 (7th Cir. 2001).

In Count V, Plaintiff claims that McDonald's harassed him by "impugning his ability to do assigned work because of his gender," and that the Defendants subjected him to "verbal"

-11-

harassment to which no female employee was subject. (*Id.* ¶¶ 124, 126.) Mr. Mosley does not allege that he made a gender discrimination or sexual harassment charge with the EEOC or attempted to make such a charge in his subsequent letter. He only asserts that he made or attempted to make age, disability, and race charges with the EEOC. The EEOC records tendered by Plaintiff and all references to EEOC charges in the operative complaint refer solely to putative race, age, and disability discrimination in relation to Plaintiff's July 24, 2004 reduction in work hours. (*See* D.E.10 ¶¶ 16, 18.a, 18.C, 24, 52-54.) This reduction in work hours is not reasonably related to the alleged verbal gender-based harassment in Count V. *See Dandy v. United Parcel Serv.*, 388 F.3d 263, 270 (7th Cir. 2004) (allegation in EEOC charge that plaintiff was denied promotion on account of her race and gender was not reasonably related to hostile work environment and unequal pay claims); *Sitar*, 344 F.3d at 726 ("Normally, retaliation, sex discrimination, and sexual harassment charges are not 'like or reasonably related' to one another to permit an EEOC charge of one type of wrong to support a subsequent civil suit for another.") (citation omitted); *Ajayi v. Aramark Business Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (EEOC charge based on national origin was not reasonably related to age discrimination claim). Mr. Mosley has made affirmative representations about the nature of the EEOC charges he has filed and/or sought,[7] and none of those representations even suggests that he filed an EEOC charge concerning alleged sexual harassment or even sex discrimination. As a result, he has pleaded himself out of court on this claim, at least as it is framed. *Accord, e.g., Henderson*, 196 F.3d at 846 (plaintiff can plead himself out of court by pleading facts that undermine the

---

[7] In noting that Mr. Mosley may have sought certain EEOC charges or a related right to sue letter, the Court makes no judgments about whether such attempts were timely or otherwise procedurally appropriate under EEOC rules and related precedent concerning such issues.

allegations set forth in the complaint) (citation omitted). Nonetheless, in an abundance of caution, the Court again will dismiss the claim without prejudice.

C. McDonald's Motion to Strike and Motion for a More Definite Statement Are Denied

McDonald's also moves the Court to strike Plaintiff's First Amended Complaint and require him to plead a more definite statement pursuant to Federal Rule Rules of Civil Procedure 12(f) and 12(e), respectively.

Under Rule 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). Motions to strike are usually denied because they are a drastic remedy. *See, e.g., Robinson v. Midlane Club, Inc.*, No. 94 C 1459, 1994 WL 577219, at *2 (N.D. Ill. Oct. 18, 1994) (collecting cases). The movant is required to show that the allegations in the complaint are "so unrelated to plaintiff's claims as to be void of merit and unworthy of any consideration." *Id.* Furthermore, the movant must show that material prejudice will result from the defendant's allegations at issue. *See, e.g., Trust Life Ins. Co. v. University of Chicago Hosps.*, No. 94 C 4692, 1996 WL 68009, at *1 (N.D. Ill. Feb. 14, 1996). "Material prejudice" means that the allegations have the effect of confusing the issues or the complaint is so lengthy and complex that it places a material and unfair burden on the movant. *See, e.g., Cumis Ins. Soc'y, Inc. v. Peters*, 983 F. Supp. 787, 798 (N.D. Ill. 1997) (collecting cases).

McDonald's has not, with all respect, made this showing. To begin with, Mr. Mosley is litigating *pro se* and should not be "held to the stringent standards expected of pleadings drafted by lawyers." *McCormick*, 230 F.3d at 325; *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per

-13-

curiam). The complaint may be repetitive, at least at times, but "mere redundancy is insufficient to form the basis for a motion to strike if the substance of the pleading is not undermined." *In re Asbestos Cases*, No. 86 C 1739, 1990 WL 36790, at *4 (N.D. Ill. March 8, 1990) (citation omitted). Mr. Mosley's complaint is relatively easy to follow for a *pro se* complaint, and the substance of the pleading is ascertainable.[8] Furthermore, McDonald's has not shown how it is meaningfully prejudiced by having to respond to these limited duplicative allegations.

McDonald's also moves for a more definite statement, which will be granted if a complaint is "so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P 12(e). Motions for a more definite statement are also generally disfavored, especially when the information the movant is lacking could be obtained through discovery. *Microthin.com, Inc. v. Siliconezone USA, LLC*, No. 06 C 1522, 2006 WL 3302825, at *8 (N.D. Ill. Nov. 14, 2006) ("A motion for a more definite statement under Rule 12(e) is intended only to clear up confusion and not to replace traditional discovery.") (internal quotation marks and citation omitted). McDonald's argues that the complaint is "vague, ambiguous, redundant and incognizable" (D.E. 26 at 12), without specifying portions of the complaint as examples, or explaining why it cannot form a responsive pleading. After reviewing the operative pleading, the Court believes that Mr. Mosley lays out his grievances with enough specificity to give McDonald's fair notice of the claims against it, and to allow McDonald's to

---

[8] In this regard, the Court respectfully rejects any suggestion that seemingly stray references to age or disability discrimination be stricken as clearly irrelevant. Seventh Circuit precedent teaches that the law does not require a litigant, particularly a pro se litigant, to plead legal theories when pleading a claim and any specific factual averments in support of it. *See, e.g., Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005). As such factual averments might conceivably relate to claims not specifically pleaded, the Court cannot strike them now.

frame an answer. Accordingly, the motion to strike and/or for a more definite statement is respectfully denied.

III.  Cirilo's and the Individual Defendants' Motion to Dismiss

    A.  Title VII Claims Against the Individual Defendants Are Dismissed

Mr. Mosley names Individual Defendants McSween, Ramos, and Oladeinde as individual defendants in both his Title VII counts. Precedent is clear that Title VII cannot be used as a basis to impose individual liability on an employee's supervisors or coworkers. *See, e.g., Williams*, 72 F.3d at 553 ("Congress did not intend to impose individual liability against an employer's agents"); *accord, e.g, Robinson v. Sappington*, 351 F.3d 317, 332 n.9 (7th Cir. 2003); *Gastineau v. Fleet Mortgage Corp.*, 137 F.3d 490, 493-94 (7th Cir. 1998); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) ("If Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees") (cited approvingly by the Seventh Circuit in *Williams*, 72 F.3d at 553).[9] Accordingly, the employment discrimination claims against the Individual Defendants are dismissed.

    B.  Title VII Claims Against Cirilo's Are Not Dismissed Under Rule 12(b)(6)

To maintain a claim under Title VII, a plaintiff generally must file charges with the EEOC and receive a "right to sue" letter. *See, e.g.*, 42 U.S.C. § 2000e-5; *Conner v. Illinois Dept. of Natural Resources*, 413 F.3d 675, 680 (7th Cir. 2005) (collecting cases). Precedent thus

---

[9] Any putative claims against the Individual Defendants that would be based on the ADA or the ADEA fail for the same reason. *See Williams*, 72 F.3d at 553-54; *EEOC v. AIC Security Investigations, Ltd.*, 55 F.3d 1276, 1279-80 (7th Cir. 1995).

teaches that an EEOC right to sue letter is a precondition of filing in federal court. *See, e.g., Gibson v. West*, 201 F.3d 990, 994 (7th Cir. 2000) (stating that properly exhausting administrative remedies with the EEOC "is a precondition to bringing a Title VII claim in federal court, rather than a jurisdictional requirement").

Mr. Mosley generally avers that he received a right to sue letter from the EEOC. (*See* D.E. 10 ¶¶ 17.c, 23, 55.) The Court understands Mr. Mosley's references to be to his September of 2005 right to sue letter that he attached to his original complaint, and which relates to McDonald's only. (D.E. 1, Ex A.) The Court also notes and credits Mr. Mosley's representation—which he made in a letter to the EEOC that was sent after this suit had been filed—that Mr. Mosley never named Cirilo's, Inc. as a defendant in his EEOC change (D.E. 10, Ex. A), as well as Mr. Mosley's averment that the EEOC never issued any second right to sue letter. (*Id.* ¶ 20.)

To bring a Title VII claim against a defendant in federal court, a plaintiff must have named that defendant in the EEOC charge. *See Olsen v. Marshall & Isley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001); *see also Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991) (dismissing complaint where plaintiff did not "allege[] any facts which warrant an exception to the general rule that a party not named in the EEOC charge cannot be sued under Title VII").

Cirilo's contends that Plaintiff's Title VII claims should be dismissed in light of his admission that he originally failed to include Cirilo's as a defendant in the EEOC charge and has not otherwise established that he subsequently received a right to sue letter against Cirilo's. (D.E. 36 at 4.) However, Mr. Mosley wrote a letter to the EEOC in January 2006 (albeit after

this suit already had been filed, and well after the July 2004 events in question) in which he asked the EEOC to add Cirilo's to his EEOC charge (which already had been the subject of a right to sue letter). Mr. Mosley contends that the EEOC failed to add Cirilo's or issue any other EEOC right to sue letter. (D.E. 10, ¶ 20.)

The Seventh Circuit has stated that an EEOC right to sue letter is "a prerequisite to suit unless the claimant's failure to receive a right-to-sue letter is attributable to EEOC error." *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 129 (7th Cir. 1989); *see also Movement for Opportunity and Equality v. General Motors*, 622 F.2d 1235, 1241 (7th Cir. 1980) ("While we recognize that in special circumstances the claimant may be unable to seek the right to sue letter, and hence the strict requirements may be loosened, those circumstances would seem limited to instances where the claimant's failure is due to misleading acts committed by the EEOC, employer or union."). In addition, it is at least possible (although perhaps unlikely) that the case could implicate the principle of equitable estoppel as against the EEOC. *See generally Gibson*, 201 F.3d at 994 (discussing the difficulty of obtaining equitable estoppel against the government).

Mr. Mosley has not offered affirmative averments that establish the inadequacy of this claim, so it cannot fairly be dismissed under Rule 12(b)(6). In the event that discovery shows that Title VII claims against Cirilo's are defective, then Cirilo's will be able to seek summary judgment against such claim(s). For the present time, however, Cirilo's motion to dismiss on this basis is respectfully denied.

C.   The Section § 1981 Claim Shall Not Be Dismissed Under Rule 12(b)(6)

Cirirlo's moves to dismiss Count II "since plaintiff has erroneously pled a Section 1981 and a Section 1983 claim as one claim." (D.E. 36 at 6.) Cirilo's argues that that since Plaintiff's Section 1983 claims cannot survive, "Plaintiff's hybrid claim in Count II [*i.e.*, a claim that references both Sections 1981 and 1983] should also be dismissed." (*Id.* at 7.) Furthermore, Cirilo's argues that Mr. Mosley has included "impertinent and immaterial" factual allegations in Count IV, and asserts that those allegations should be stricken. (*Id.* at 9.)

These contentions are respectfully rejected. First, while this is not an appropriate Section 1983 case (because all of the putative Defendants are private corporations and individuals and not state actors), that does not in and of itself require dismissal of any putative Section 1981 claim. Under Fed. R. Civ. P. 8, Mr. Mosley is not required to neatly delineate his legal theories, nor is he sanctioned, particularly as a pro se litigant, if he includes an errant reference to Section 1983. As the Seventh Circuit has stated, "the only function the pleadings must serve is to give notice of the claim; the development of legal theories and the correlation of facts to theory come later in the process." *Int'l Marketing, Ltd. v. Archer Daniels Midland Co., Inc.*, 192 F.3d 724, 733 (7th Cir. 1999).

For the same reason, Cirilo's motion for a more definite statement under Rule 12(e) and motion to strike under Rule 12(f) are also both denied. Cirilo's contends that Plaintiff's factual allegations are not properly correlated to his legal theories in Counts II and IV. Once again, Plaintiff is not required to match up his factual allegations with legal theories at this stage of the litigation. *Id.* In addition, any duplicate or stray factual averments are not sufficiently material
-18-

or confusing to warrant line-editing of the operative complaint. *See, e.g., Chao*, 398 F.3d at 898. It is clear, in practical terms, what Mr. Mosley complains of, and there is no material unfairness in expecting Cirilo's to embark on discovery, during which it can readily clarify any putative ambiguities, which are commonplace in any notice-pleading regime.

D. The Section 1981 Claims Against Mr. Cirilo McSween Are Not Dismissed

Defendant Cirilo McSween moves to dismiss the claims against him filed under 42 U.S.C. § 1981, as found in Counts II and IV. To state a claim under § 1981, Plaintiff must show that (1) he is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity under § 1981, including the right to make and enforce contracts. *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). A defendant cannot be individually liable under § 1981 unless he has personally participated in the alleged discrimination. *Behnia v. Shapiro*, 961 F. Supp. 1234, 1237 (N.D. Ill. 1997); *Daulo v. Commonwealth Edison*, 892 F. Supp. 1088, 1091 (N.D. Ill. 1995) (collecting cases).

The operative complaint is ambiguous as to Mr. Mosley's individual actions, if any, during the events at issue. At this stage of the litigation, this ambiguity is resolved in Mr. Mosley's favor, as he has not included affirmative averments that establish the deficiency of the claim. As a result, the motion to dismiss any Section 1981 claims against Mr. Cirilo is respectfully denied.

## CONCLUSION

For the reasons stated above, the motions to dismiss (D.E. 25 and 35) are denied in part and granted in part.

So ordered.

_____
Mark Filip
United States District Judge
Northern District of Illinois

Date: 12/6/06